AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| United States of America<br>v.<br><br>Antonio SANCHEZ-Vega<br>DOB: 1954  Citizenship: Mexico<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 7:18mj 1840<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 30, 2018__ in the county of __Hidalgo__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession With Intent to Distribute a Controlled Substance/Approximately 13.88 Kilograms of Methamphetamine, a Schedule II Controlled Substance. |
| 21 U.S.C. § 952 | Illegal Importation of a Controlled Substance/Approximately/Approximately 13.88 Kilograms of Methamphetamine, a Schedule II Controlled Substance. |
| 18 U.S.C. § 371 | Two or more persons conspired to Illegally import a Controlled Substance/ approximately 13.88 kgs into the United States. |

This criminal complaint is based on these facts:

SEE ATTACHMENT "A"

✔ Continued on the attached sheet.

Submitted by reliable electronic means,
Sworn to and attested to telephonically
Per Fed. R. Cr. P. 4.1, and probable cause
Found on the following date:

~~Sworn to before me and signed in my presence.~~

Date: __9/1/18-6:16 p.m.__

City and state: __McAllen, Texas__

__s/Jesus Palomo__
*Complainant's signature*

__Jesus Palomo  HSI Special Agent__
*Printed name and title*

*Judge's signature*

__U.S. Magistrate Judge Juan F. Alanis__
*Printed name and title*

## "ATTACHMENT A"

I, Jesus G. Palomo, am a Special Agent of the United States Homeland Security Investigations (HSI), and have knowledge of the following facts:

1. On August 30, 2018, defendant Vicente CRUZ-Vasquez entered the United States through the Donna, Texas Port of Entry operating a 2004 Ford pickup truck bearing Texas license plates KKW9231. The pickup was registered to Vicente CRUZ-Vasquez.

2. At the Donna Port of Entry CRUZ-Vega presented a non-immigrant visa to the United States Customs and Border Protection (CBP) officers and was admitted.

3. A Customs and Border Protection Officer (CBPO) at the port of entry conducted a vehicle inspection as it came through the port. The CBP Officer observed a can of Mexican brand hominy "El Mexicano maiz blanco" with a label indicating a weight of 3.01 kilograms. The CBP Officer lifted the can and realized that it seemed heavier than 3.01 kilograms. The CBP Officer referred CRUZ-Vasquez to the secondary area for further inspection.

4. At the secondary inspection, a CBP Officer conducted a secondary inspection and noticed an anomaly on the side of the can, just underneath the label. The CBP Officer shook the can and could not feel the movement of hominy inside of the can. When the label was removed, a visible putty material was discovered on the center of the can. Officers utilized the GEMINI instrument to perform a narcotics test of the liquid inside of the cans. The GEMINI instrument resulted in a positive reading for Methamphetamine. CBP Officer removed approximately four cans of liquid Methamphetamine from the cab of the pickup truck. The total weight of the liquid was 13.88 kilograms.

5. Homeland Security Investigations (HSI) Special Agent (SA) Palomo responded to the Donna POE to assist in the investigation. SA Palomo advised CRUZ-Vasquez of his Miranda warning in Spanish. CRUZ-Vasquez waived his rights in writing and spoke to SA Palomo.

6. Post Miranda, CRUZ-Vasquez stated that he had been in Mexico for three days visiting his family. During the search of his vehicle, no luggage or bags of clothes were in the vehicle. CRUZ-Vasquez stated that he was asked to transport the four cans of hominy by his friend, Antonio SANCHEZ-Vega. CRUZ-Vasquez stated that earlier that morning, SANCHEZ-Vega had given him four cans of hominy and asked him to transport the cans from his home in San Luis Potosi, to Houston, TX. CRUZ-Vasquez stated that SANCHEZ-Vega did not have sufficient room in his pickup truck to transport the cans of hominy himself.

7. A computer check revealed that on that day, approximately one and a half hours earlier, Antonio SANCHEZ-Vega entered the United States through the Donna, Texas Port of Entry (POE). SANCHEZ-Vega was operating a silver 2005 Chevrolet Silverado bearing Texas plate KKW9231. The vehicle was registered Antonio SANCHEZ-Vega.

8. A photograph obtained from one of the POE cameras at the Donna checkpoint showed that SANCHEZ-Vegas' vehicle was not fully loaded. SA Palomo provided CRUZ-Vasquez with the information and he was unable to provide a legitimate reason for transporting the cans for SANCHEZ-Vasquez. CRUZ-Vasquez stated that SANCHEZ-Vega was going to meet up with him at his residence in Houston to pick up the cans of hominy.

9. A description of SANCHEZ-Vega's vehicle was broadcast to all the law enforcement agencies in the area. At 9:02 pm, Victoria County Sheriff's Office conducted a traffic stop on a 2005 Chevrolet Silverado bearing TX plate # KDM-0891.

10. During the traffic stop, deputies obtained consent to a search of the vehicle. During the search, deputies discovered four cans of hominy, identical to the cans that CRUZ-Vega used to transport the methamphetamine. Deputies discovered a hard patch that covered a small plug, underneath the label. When the patch was removed, a liquid started spilling out of the can and started to crystallize as it came out of the can. Deputies conducted a narcotics test on the liquid, which resulted in a positive reading for methamphetamine. The total weight of the liquid in the cans was 29.92 lbs. SANCHEZ-Vega was placed under arrest and transported to the Victoria County Detention Facility.

11. Homeland Security Investigations (HSI) Special Agents from Corpus Christi responded to the Victoria County Sheriff's Office to assist in the investigation. Special Agents advised SANCHEZ-Vega of his Miranda warning in Spanish. SANCHEZ-Vega waived his rights in writing and spoke to Special Agents.

12. During the interview, SANCHEZ-Vega stated that he had transported the four cans of hominy for an individual in Houston. He stated that he was paid forty US dollars for each can that he transported to Houston. During the interview, SANCHEZ-Vega denied knowing CRUZ-Vasquez. During a search of his phone, it was discovered that SANCHEZ-Vega had made calls to CRUZ-Vasquez. SANCHEZ-Vega provided several different versions of the incident.

13. Based on the interviews and investigation, there is sufficient evidence to believe that SANCHEZ-Vega possessed a controlled substance with the intent to distribute, which is a violation of 21 USC 841(a)(1). Furthermore, SANCHEZ-Vega illegally imported a controlled substance into United States, which is a violation of 21 USC 952. Finally, SANCHEZ-Vega conspired with Vicente CRUZ-Vasquez to possess and import a controlled substance into the United States,which is a violation of 18 USC 371.